**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DANIEL GENE MOSLEY,

        Petitioner - Appellant,

v.

JIMMY MARTIN,

        Respondent - Appellee.

No. 19-6037
(D.C. No. 5:18-CV-00668-C)
W.D. Okla.

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **HOLMES**, **MURPHY,** and **CARSON**, Circuit Judges.

    This matter is before the court on Daniel Gene Mosley's pro se request for a certificate of appealability ("COA"). Mosley seeks a COA so he can appeal the district court's dismissal, on timeliness grounds, of his 28 U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from "a final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" without first obtaining a COA); *id.* § 2244(d)(1) (setting out a one-year statute of limitations on § 2254 petitions running from the date on which the conviction became final). Because Mosley

has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

Mosley was found guilty in Oklahoma state court of trafficking in illegal drugs after a former conviction of two or more felonies; he was sentenced to imprisonment for life. After exhausting his state court remedies, Mosley filed the instant § 2254 habeas petition. Mosley conceded his petition was untimely, but claimed he was entitled to equitable tolling. In a well-analyzed report and recommendation, a magistrate judge determined Mosley had not demonstrated the kind of extraordinary circumstances that would entitle him to equitable tolling. *See Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015) (holding that "[e]quitable tolling is a rare remedy to be applied in unusual circumstances" (quotation omitted)). On de novo review, the district court adopted the magistrate judge's report and recommendation and dismissed Mosley's § 2254 habeas petition.[1] Mosley seeks a COA so he can appeal the district court's disposition.

---

[1]Given this determination, it was unnecessary for the district court to further determine whether each of the claims set out in Mosley's habeas petition was barred by *Stone v. Powell*, 428 U.S. 465, 494 (1976) (holding that as long as the state provided the petitioner an "opportunity for full and fair litigation of a Fourth Amendment claim," a federal court may not grant habeas relief on such a claim). A review of the record certainly appears to indicate *Stone* would apply. This court need not resolve that issue given our determination, *infra*, that the district court's decision that Mosley is not entitled to equitable tolling is not subject to reasonable debate.

The granting of a COA is a jurisdictional prerequisite to Mosley's appeal from the dismissal of his § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quotations omitted). When a district court dismisses a § 2254 motion on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). In evaluating whether Mosley has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El*, 537 U.S. at 338. Although Mosley need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted). As a further overlay on this standard, we review for abuse of discretion the district court's decision that Mosley is not entitled to have the limitations period set out in § 2244(d)(1) equitably tolled. *See Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003).

Having undertaken a review of Mosley's appellate filings, the magistrate judge's report and recommendation, the district court's order of dismissal, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El* and *Slack*, we conclude Mosley is not entitled to a COA. The district court's resolution of Mosley § 2254 motion is not deserving of further proceedings or subject to a different resolution on appeal. In so concluding, there is no need for this court to repeat the cogent and convincing analysis set out in the magistrate judge's report and recommendation. *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017) (holding that the process of resolving whether a petitioner is entitled to a COA should not devolve into a determination of the merits). Accordingly, this court **DENIES** Mosley's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge